UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHELLE MOORE, | Honorable Madeline Cox Arleo |
| Plaintiff, | Civil Action No. 05-1230 (GEB) |
| -v- | |
| HUDSON COUNTY CORRECTIONAL FACILITY, et al., | **REPORT AND RECOMMENDATION** |
| Defendants, | |

## BACKGROUND

This is a civil action brought by pro se Plaintiff, Michelle Moore ("plaintiff"), alleging that Defendants Hudson County Correctional Facility ("HCCF"), Department of Corrections, Abrams Autun ("Autun"), David Drumeler ("Drumeler"), Howard Moore ("Moore"), Lawrence Henderson ("Henderson"), Anthony Staltari ("Staltari"), Ralph Green ("Green"), Oscar Aviles ("Aviles"), Stevette Scott ("Scott"), and Joe Montanez ("Montanez") subjected plaintiff to improper and discriminatory treatment in the workplace. The Complaint asserts claims of discrimination, harassment, and retaliation under Title VII of the Civil Rights Act of 1964. On June 27, 2006, Plaintiff amended the complaint adding additional party defendants and asserting § 1983 and common law claims.

On August 1, 2007 Defendants filed a motion to dismiss the Amended Complaint, or, alternatively, for summary judgment. On March 28, 2008, Judge Greenaway granted, in part, and

1

denied, in part, defendants' motion. On September 29, 2008, plaintiff filed a second Amended Complaint, pursuant to this Court's September 22, 2008 Order.

On April 2, 2009, defendants' motion to dismiss for failure to state a claim, or, alternatively, for summary judgment. On December 10, 2009, Judge Greenaway issued an order denying the motion to dismiss without prejudice and allowed Defendants thirty days to resubmit their motion consistent with Judge Greenaway's findings.

On the eve of refiling their renewed dispositive motion, defense counsel advised the Court by letter dated January 12, 2010 that Plaintiff had died on or about January 7, 2010. Due to these unforeseen circumstances, defendants requested that they be excused from refiling the motion and sought the Court's assistance on how to proceed.

At the Court's direction, defense counsel attempted to ascertain whether an executor had been named for plaintiff's estate. On April 14, 2010 defense counsel advised the Court in writing that plaintiff's brother, Corey Wilson, ("Mr. Wilson") was the executor of plaintiff's estate.

On April 21, 2010 this Court issued a letter order directing defense counsel and Mr. Wilson to appear for a status conference on May 12, 2010.[1] The April 21, 2010 order specifically explained to Mr. Wilson that if he wished to continue prosecuting the case on behalf of the estate, he had to appear at the May 12 conference. If, however, he did not plan to continue pursuing the case, the order directed Mr. Wilson to so advise the Court in writing by May 10, 2010.

On May 12, 2010, defense counsel appeared for the status conference. Mr. Wilson failed to appear on that date. On May 13, 2010, this Court issued an order to show cause, which was returnable on May 27, 2010. The Order directed Mr. Wilson to show cause as to why monetary

---

[1] The letter Order was sent to Mr. Corey, as Executor, at Ms. Moore's last known address.

and/or reprimand sanctions should not be imposed pursuant to Federal Rule of Civil Procedure 16(f) for failing to attend the Court ordered status conference on May 12, 2010. The order directed him to file any written submissions with the Court by May 21, 2010. As of this date Mr. Wilson has not responded to the Court's May 13th, order or otherwise contacted the Court.

## DISCUSSION

Mr. Wilson's failure to inform the Court of whether he intends to prosecute this action on behalf of plaintiff's estate and attend Court ordered status conferences requires this Court to determine appropriate sanctions. In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Court of Appeals for the Third Circuit set forth six factors which must be considered in determining whether to dismiss a plaintiff's action. Poulis, 747 F.2d at 868. The Poulis factors are: " (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Id. at 868. The Court is required to balance each factor in its analysis.

1. The Extent of the Party's Personal Responsibility

Following the death of his sister in January, 2010, Mr. Wilson, as executor of plaintiff's estate, has been unwilling to prosecute this action. Mr. Wilson's failure to comply with the Orders of this Court and attend court ordered conferences demonstrates his personal lack of responsibility in prosecuting the remaining claims on behalf of plaintiff's estate. Accordingly, such conduct, weighs in favor of dismissal.

2.   <u>Prejudice to the Adversary</u>

Prior to her death, plaintiff had been prosecuting the case on a <u>pro se</u> basis. Mr. Wilson's failure to attend Court ordered conferences or otherwise respond to Court orders has made it nearly impossible for the Court to determine his interest in pursuing this action on behalf of Plaintiff's estate, for dispositive motions to be filed, or a final pretrial conference to be scheduled. I am satisfied that defendants have been prejudiced by Mr. Wilson's failure to prosecute this case and comply with this Court's Orders.

3.   <u>A History of Dilatoriness</u>

Mr. Wilson's recent inactions indicate a pattern of non-compliance. As noted above, both defense counsel and this Court have made attempts, in writing, to ascertain Mr. Wilson's desire to continue pursuit of the claims on behalf of plaintiff's estate against defendants and proceed to trial. Additionally, Mr. Wilson failed to attend a status conference as directed by this Court in the April 21, 2010 order. He has also failed to explain his absence at the May 12, 2010 conference or appear before this Court on May 27, 2010 in response to the Order to Show Cause.

4.   <u>Whether the Attorney's Conduct was Willful or in Bad Faith</u>

The fourth <u>Poulis</u> factor, focusing on attorney conduct, is not relevant here because plaintiff had been appearing as a <u>pro se</u> litigant before her death. Yet, Mr. Wilson, as executor of plaintiff's estate, has not provided the Court with any indication of his intent to continue prosecuting the case on behalf of the estate. I am satisfied that Mr. Wilson has made a wilful decision not to litigate this civil action as demonstrated by his lack of cooperation and compliance with the Orders of this Court.

### 5. Alternative Sanctions

Alternative sanctions would not be appropriate. Mr. Wilson has demonstrated an apparent lack of desire to continue prosecuting this civil action on behalf of plaintiff's estate.

### 6. Meritoriousness of the Claim

Finally, I cannot determine the meritoriousness of the remaining claims based upon my review of the pleadings.

A balancing of the Poulis factors weighs in favor of dismissing this action with prejudice. It is not necessary for all of the Poulis factors to be satisfied in order to enter a dismissal. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). Here, following the death of plaintiff, the executor of her estate, Mr. Wilson, failed both to prosecute this action and to comply with the Orders of this Court. As such, Defendants cannot re-file their dispositive motion, and a final pretrial conference cannot be scheduled. Therefore, the sanction of dismissal is merited.

## CONCLUSION

For the reasons set forth above, I recommend that plaintiff's Second Amended Complaint be dismissed with prejudice. The parties have fourteen (14) days from receipt hereof to file and serve objections.

Respectfully submitted,

**MADELINE COX ARLEO**
**United States Magistrate Judge**

Dated: June 7, 2010